DISTRICT OF OREGON, ss:	AFFIDAVIT OF SAMUEL W. SUYEHIRA

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Samuel W. Suyehira, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since December 2016. I am currently assigned to the Medford, Oregon Satellite Office and I investigate violations of Federal laws, including but not limited to firearms trafficking, narcotics trafficking, the commission of violent crimes, and conspiracy.

2. I obtained a Bachelor of Science degree in Chemistry from the College of Idaho in Caldwell, Idaho. I completed the Federal Law Enforcement Training Center Criminal Investigators Training Program and the ATF National Academy Special Agent Basic Training Program. During this time, I received instruction relating to the investigation of Federal firearms and narcotics violations. Prior to joining ATF, I was a Criminalist for the Canyon County Sheriff's Office Forensic Science unit in Canyon County, Idaho.

3. I submit this affidavit in support of a criminal complaint and arrest warrant for Wesley Allen ARMSTRONG, Jr. (hereinafter "ARMSTRONG") for: Dealing Explosives without a License, in violation of 18 U.S.C. § 842(a)(1); Possession of Stolen Explosives, in violation of 18 U.S.C. § 842(h); Felon in Possession of Explosives, in violation of 18 U.S.C. § 842(i)(1); Felon in Possession of a Firearm or Ammunition, in violation of 18 U.S.C. § 922(g)(1); and Possession with Intent to Distribute, or Distribution of a Controlled Substance, to wit: fentanyl, in violation of 21 U.S.C. § 841(a)(1).

4. As set forth below, there is probable cause to believe, and I do believe, that ARMSTRONG committed Dealing Explosives without a License, Possession of Stolen

Explosives, Felon in Possession of Explosives, Felon in Possession of Firearm or Ammunition, and Possession with Intent to Distribute, or Distribution of a Controlled Substance, to wit: fentanyl.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers; (c) my review of criminal history records maintained by various law enforcement agencies; and (d) information gained through my training and experience.

## Applicable Law

6. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws and am aware of the following statutes:

- **18 U.S.C. § 842(a)(1) – Dealing Explosives without a License:** It shall be unlawful for any person to engage in the business of importing, manufacturing, or dealing in explosive materials without a license.

- **18 U.S.C. § 842(h) – Possession of Stolen Explosives**: It shall be unlawful for any person to receive, possess, transport, ship, conceal, store, barter, sell, dispose of, or pledge or accept as security for a loan, any stolen explosive materials which are moving as, which are part of, which constitute, or which have been shipped or transported in, interstate or foreign commerce, either before or after such materials were stolen, knowing or having reasonable cause to believe that the explosive materials were stolen.

- **18 U.S.C. § 842(i)(1) – Felon in Possession of Explosives**: It shall be unlawful for any person who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport any explosive in or affecting interstate or foreign commerce or to receive or possess any explosive which has been shipped or transported in or affecting interstate or foreign commerce.

**Page 2 – Affidavit of Samuel W. Suyehira**

- **18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm or Ammunition**: It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

- **21 U.S.C. § 841(a)(1) – Distribution, or Possession with Intent to Distribute a Controlled Substance**: It shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

### Statement of Probable Cause

### ATF Licensing Records Received on ARMSTRONG

7. On March 21, 2024, I received information from a Medford Area Drug and Gang Enforcement (MADGE) Team Detective regarding the suspected possession of explosives by ARMSTRONG and his desire to sell those explosives.

8. On March 26, 2024, I received information from the ATF National Firearms Federal Licensing System, which denoted that ARMSTRONG does not have, and has never had, licensing through the ATF to sell explosives.

### March 27, 2024 – Undercover Purchase of Explosives from ARMSTRONG

9. On or about March 27, 2024, ARMSTRONG drove a white BMW 4-series ("ARMSTRONG's vehicle") and met an undercover ATF Special Agent ("UCA") and a Confidential Informant ("CI") in a parking lot in Medford, Oregon. The ATF UCA and CI utilized electronic equipment which audio and video recorded the transaction. At that time, ARMSTRONG sold the UCA approximately 3.1 grams of suspected fentanyl to the UCA for $300.00. Law enforcement conducted a field test on the suspected fentanyl which returned a presumptive positive result for fentanyl. At that time, ARMSTRONG handed eight (8) cast

explosives (an item defined as an explosive under federal law) and seven (7) non-electric shock tube detonators (an item defined as an explosive under federal law) to the UCA in exchange for an agreed upon $3,000.00. Law enforcement arrested ARMSTRONG. During a search of ARMSTRONG's person, law enforcement located and seized an additional amount of suspected fentanyl and a white crystal substance from ARMSTRONG's person, as well as a digital scale that ARMSTRONG had in his possession in the undercover vehicle.



**State of Oregon Search Warrant on ARMSTRONG's Vehicle**

10.     MADGE Detectives subsequently executed a State of Oregon search warrant on ARMSTRONG's vehicle. MADGE Detectives located a black backpack on the front passenger seat of ARMSTRONG's vehicle that contained a Smith & Wesson, Model M&P 9 Shield, 9x19mm caliber pistol seated with a loaded magazine containing rounds of 9x19mm caliber

Page 4 – Affidavit of Samuel W. Suyehira

ammunition. In total, law enforcement seized over 100 grams of suspected fentanyl from ARMSTRONG's person and vehicle.

### Post-*Miranda* Interview of ARMSTRONG

11. Continuing on March 27, 2024, a MADGE Detective and an ATF Special Agent conducted an audio and video recorded post-*Miranda* interview of ARMSTRONG. ARMSTRONG provided the following pertinent information, in substance:

- ARMSTRONG advised that he had traded the fentanyl to another individual and received the explosives as payment.
- ARMSTRONG advised that he knew that the explosives he planned to sell to the UCA were explosives.
- ARMSTRONG advised he had knowledge the explosives were stolen.
- ARMSTRONG advised that he sold user amounts of fentanyl to multiple individuals on a daily basis.
- ARMSTRONG advised that the firearm located in his vehicle was his firearm, and that he had traded three grams of fentanyl to an individual for the firearm. ARMSTRONG was not able to recall the name of the individual from whom he received the firearm. ARMSTRONG explained he obtained the firearm for his protection while conducting fentanyl transactions after having previously been robbed of his narcotics.
- ARMSTRONG advised that he had served multiple prison stints in California.

12. I subsequently contacted an ATF Special Agent Bomb Technician (SABT), who personally examined the explosives ARMSTRONG sold to the UCA. The ATF SABT advised that in consultation with additional ATF experts in the field of explosives from the United States Bomb Data center, the explosives meet the definition of explosives under federal law and the explosives were not manufactured in the State of Oregon. Therefore, the explosives ARMSTRONG possessed on or about March 27, 2024, travelled in, or affected, interstate or foreign commerce.

13. I am an ATF Special Agent trained in making interstate nexus determinations for firearms. I personally examined the aforementioned firearm that ARMSTRONG possessed and

**Page 5 – Affidavit of Samuel W. Suyehira**

have knowledge that the firearm meets the definition of a firearm as defined by the Gun Control Act and the firearm was not manufactured in the State of Oregon. Therefore, the firearm ARMSTRONG possessed on or about March 27, 2024, travelled in, or affected, interstate or foreign commerce.

14. I reviewed ARMSTRONG's criminal history, which appeared to show that on September 10, 2018, in the Superior Court of California County of San Diego, ARMSTRONG (under the name Wesley Allen CAHILL) was sentenced to four (4) years prison for Sell/Furnish a Controlled Narcotic Substance, a crime punishable by imprisonment for a term exceeding one year, and thus is prohibited from possessing firearms.

## Conclusion

15. Based on the foregoing, I have probable cause to believe, and I do believe, that on or about March 27, 2024, Wesley Allen ARMSTRONG, Jr. committed Dealing Explosives without a License, Possession of Stolen Explosives, Felon in Possession of Explosives, Felon in Possession of Firearm or Ammunition, and Possession with Intent to Distribute, or Distribution of a Controlled Substance, to wit: fentanyl.

16. I therefore request that the Court issue a criminal complaint and arrest warrant for Wesley Allen ARMSTRONG, Jr.

/ / /

/ / /

/ / /

/ / /

/ / /

**Page 6 – Affidavit of Samuel W. Suyehira**

17. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were reviewed by Assistant United States Attorney (AUSA) Marco Boccato and AUSA Boccato advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrants.



S/Samuel W. Suyehira
_____
Samuel W. Suyehira
ATF Special Agent

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 9 a.m./p.m. on ___3/28/24___ .

_____
MARK D. CLARKE
United States Magistrate Judge

**Page 7 – Affidavit of Samuel W. Suyehira**